**David L. CAMPBELL, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 04–5097.**

United States Court of Appeals, Federal Circuit.

Oct. 13, 2004.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

**CLEVENGER**, Circuit Judge.

### ORDER

The United States moves to summarily affirm the order of the United States Court of Federal Claims that denied David L. Campbell's motion to reopen his previous complaint in that court. Campbell has not responded.

In 1992, Campbell filed suit in the United States Claims Court, seeking review of a Social Security disability determination and review of a district court decision concerning the Social Security disability claim. The Claims Court stated that it had no jurisdiction to review a Social Security disability determination and no authority to review the district court's decision. The Claims Court dismissed the complaint for failure to state a claim upon which relief could be granted. Campbell appealed and we affirmed the dismissal in 1993.

In October of 2003, Campbell filed a motion to "reopen" his case. The Court of Federal Claims denied his motion, which it treated as a submission under either RCFC 59 (reconsideration) or RCFC 60 (relief from judgment). The Court of Federal Claims held that, under either rule, the motion was untimely.

The United States argues that the Court of Federal Claims order should be summarily affirmed.* We agree. Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.

1994). In the present case, it is clear that summary disposition is warranted. Campbell's motion was not timely filed in the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to summarily affirm is granted.

(2) Each side shall bear its own costs.

---

\* Although Campbell did not respond to the motion to summarily affirm, we have considered Campbell's arguments presented in his informal brief. Campbell's only argument concerning the timeliness of his motion is that RCFC 6 should be considered. That rule allows, inter alia, a court to enlarge the time to perform certain acts. However, the rule expressly does not authorize the court to extend the time to file a motion under the pertinent subsections of Rule 59 or Rule 60. Thus, RCFC 6 does not apply to Campbell's motion.